1
2
3
4
5
6
7
8

9

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON

10

AT TACOMA

11

DOWNTOWN ACTION TO SAVE HOUSING, a
Washington non-profit corporation,

NO.     2:18-cv-00138

12

13

Plaintiff,

ANSWER TO COMPLAINT

14

v.

15

16

17

18

MIDLAND CORPORATE TAX CREDIT XIV,
LP, MIDLAND CORPORATE TAX CREDIT
XVI, LP, MIDLAND CORPORATE TAX
CREDIT VII, LP, and BFIM SPECIAL LIMITED
PARTNER, INC., collectively Delaware
partnerships located in Massachusetts,

19

20

Defendant.

21

COME NOW all Defendants, through their attorneys of record, and answer Plaintiff's

22

Complaint as follows:

23

**I. PARTIES, JURISDICTION AND VENUE**

24

1.      Answering Paragraph 1, Defendants admit that the parties entered limited

25

partnership agreements ("Partnership Agreements") which concern partnerships formed in

26

connection with the development, finance, construction, ownership and operation of

ANSWER - 1

PEPPLE CANTU SCHMIDT, PLLC
1501 WESTERN AVENUE, SUITE 600
SEATTLE, WASHINGTON  98101
(206) 625-1711  -  FACSIMILE (206) 625-1627

affordable housing developments with Downtown Action to Save Housing ("D.A.S.H.") as the General Partner of the limited partnerships.  Except as specifically admitted, Defendants deny the remaining allegations in Paragraph 1.

2.     Answering Paragraph 2, Defendants admit D.A.S.H. is a non-profit corporation organized under the laws of the State of Washington.  Defendants lack sufficient information to admit or deny the remaining allegations in Paragraph 2 and therefore deny the same.

3.     Answering Paragraph 3, Defendants admit the allegations therein.

4.     Answering Paragraph 4, Defendants admit the allegations therein.

5.     Answering Paragraph 5, Defendants admit the allegations therein.

6.     Answering Paragraph 6, Defendants admit the allegations therein.

7.     Answering Paragraph 7, Defendants admit the allegations therein.

8.     Answering Paragraph 8, Defendants admit the allegations therein.

9.     Answering Paragraph 9, Defendants admit the allegations therein.

10.    Answering Paragraph 10, Defendants admit the allegations therein.

11.    Answering Paragraph 11, Defendants deny the allegations therein as Midland Corporate Tax Credit VII is not a limited partner of this partnership.

12.    Answering Paragraph 12, Defendants admit that Midland XIV is a Limited Partner in Mountain View Family, not Midland VII.

13.    Answering Paragraph 13, Defendants admit the allegations therein with the exception that BFIM is organized pursuant to the laws of the State of Florida, not Delaware.

14.    Answering Paragraph 14, Defendants deny that Midland VII is a partner in this partnership, but admit the remaining allegations therein.

15.    Answering Paragraph 15, Defendants admit that BFIM is affiliated with Boston Financial Investment Management, LP which is located in Boston, Massachusetts. Except as specifically admitted, Defendants deny the remaining allegations in Paragraph 15.

ANSWER - 2

16.     Answering Paragraph 16, Defendants deny the allegations therein.

17.     Answering Paragraph 17, Defendants admit the allegations therein.

18.     Answering Paragraph 18, Defendants admit the allegations therein.

19.     Answering Paragraph 19, Defendants admit the allegations therein.

20.     Answering Paragraph 20, Defendants admit the allegations therein.

## II. FACTUAL ALLEGATIONS

**A.      The Low-Income Housing Tax Credit Program**

21.     Answering Paragraph 21, Defendants admit the allegations therein.

22.     Answering Paragraph 22, Defendants admit the allegations therein.

23.     Answering Paragraph 23, Defendants deny the implication that Investment Limited Partners contribute capital in exchange only for tax credits and losses and receive no other benefits from their investment.   Defendants admit the remaining allegations in Paragraph 23.

24.     Answering Paragraph 24, Defendants admit the allegations therein.

25.     Answering Paragraph 25, Defendants admit that tax credits are available only during the fifteen-year compliance period.  The remainder of the Paragraph does not include factual allegations, but rather generalized opinion statements to which no answer is required. In an abundance of caution, except as specifically admitted, Defendants deny the remaining allegations in Paragraph 25.

26.     Answering Paragraph 26, this Paragraph does not include factual allegations, but rather generalized opinion statements to which no answer is required.  In an abundance of caution, Defendants deny the allegations in Paragraph 26.

27.     Answering Paragraph 27, Defendants lacks sufficient information to admit or deny the allegations in Paragraph 27 pertaining to the "expectations" of the hypothetical general partner and therefore deny the same.

28.     Answering Paragraph 28, Defendants admit that the Partnership Agreements

ANSWER - 3

PEPPLE CANTU SCHMIDT, PLLC
1501 WESTERN AVENUE, SUITE 600
SEATTLE, WASHINGTON  98101
(206) 625-1711  -  FACSIMILE (206) 625-1627

at issue in this litigation include certain option rights for D.A.S.H.  Defendants lack sufficient information to admit or deny the remaining allegations in Paragraph 28, and therefore deny the same.

29.      Answering Paragraph 29, this Paragraph does not include factual assertions, but rather poses a hypothetical scenario to which no answer is required.  In an abundance of caution, Defendants lack sufficient information to admit or deny the allegations in Paragraph 29 pertaining to D.A.S.H.'s "incentives" and therefore deny the same.

**B.      The Partnerships and Apartment Complexes.**

       **1.      <u>Kenmore Senior and Heron Landing</u>**

30.      Answering Paragraph 30, Defendants admit the allegations therein.

31.      Answering Paragraph 31, Defendants deny that the dollar amount alleged to have been invested by Midland XIV and Midland Special Limited Partner, Inc. in Kenmore Senior is accurate, but admit the remaining allegations therein.

32.      Answering Paragraph 32, Defendants deny the allegations therein.

33.      Answering Paragraph 33, Defendants admit that the tax credits and potential tax losses were material motivating factors for Midland XIV and Midland Special Limited Partner, Inc.'s investment in Kenmore Senior.  Defendants, however, deny any implication that because of this, other aspects of the parties' Agreement are not material and/or enforceable.

34.      Answering Paragraph 34, Defendants deny the allegations therein and further deny any implication that because of the tax credits and potential tax losses, other aspects of the parties' Agreement are not material and/or enforceable.

35.      Answering Paragraph 35, Defendants deny the allegations therein and further deny any implication that the receipt of tax benefits renders other aspects of the parties' Agreement immaterial and/or unenforceable.

36.      Answering Paragraph 36, Defendants admit the allegations therein.

ANSWER - 4

37.     Answering Paragraph 37, Defendants admit that Section 8.20 of the Kenmore Senior Partnership Agreement provides D.A.S.H. with a Buyout Option to purchase Midland XIV and Midland Special Limited Partner, Inc.'s interests in Kenmore Senior provided D.A.S.H. met certain conditions required by the Partnership Agreement.

38.     Answering Paragraph 38, Defendants admit that pursuant to Section 8.20(b) of the Kenmore Senior Partnership Agreement, D.A.S.H. could exercise the Buyout Option after expiration of the Compliance Period and for a period of one year thereafter (the "Kenmore Senior Option Period") provided D.A.S.H. met certain conditions required by the Partnership Agreement.

39.     Answering Paragraph 39, Defendants admit the allegations therein.

40.     Answering Paragraph 40, Defendants admit that D.A.S.H. sent Buyout Notices to the Investment Partners on or about December 15, 2017.  Defendants deny that D.A.S.H. effectively exercised the Buyout Option prior to the end of the Kenmore Senior Option Period.

**2.     Kenmore Family and Heron Run**

41.     Answering Paragraph 41, Defendants admit the allegations therein.

42.     Answering Paragraph 42, Defendants deny that the dollar amount alleged to have been invested by Midland XIV and Midland Special Limited Partner, Inc. in Kenmore Family is accurate, but admit the remaining allegations therein.

43.     Answering Paragraph 43, Defendants deny the allegations therein.

44.     Answering Paragraph 44, Defendants admit that the tax credits and potential tax losses were material motivating factors for Midland XIV and Midland Special Limited Partner, Inc.'s investment in Kenmore Family.  Defendants, however, deny any implication that because of this, other aspects of the parties' Agreement are not material and/or enforceable.

45.     Answering Paragraph 45, Defendants deny the allegations therein and further

ANSWER - 5

PEPPLE CANTU SCHMIDT, PLLC
1501 WESTERN AVENUE, SUITE 600
SEATTLE, WASHINGTON  98101
(206) 625-1711  -  FACSIMILE (206) 625-1627

deny any implication that because of the tax credits and potential tax losses, other aspects of the parties' Agreement are not material and/or enforceable.

46.    Answering Paragraph 46, Defendants deny the allegations therein and further deny any implication that the receipt of tax benefits renders other aspects of the parties' Agreement immaterial and/or unenforceable.

47.    Answering Paragraph 47, Defendants admit the allegations therein.

48.    Answering Paragraph 48, Defendants admit that Section 8.20 of the Kenmore Family Partnership Agreement provides D.A.S.H. with a Buyout Option to purchase Midland XIV and Midland Special Limited Partner, Inc.'s interests in Kenmore Family provided D.A.S.H. met certain conditions required by the Partnership Agreement.

49.    Answering Paragraph 49, Defendants admit that pursuant to Section 8.20(b) of the Kenmore Family Partnership Agreement, D.A.S.H. could exercise the Buyout Option after expiration of the Compliance Period and for a period of one year thereafter (the "Kenmore Family Option Period") provided D.A.S.H. met certain conditions required by the Partnership Agreement.

50.    Answering Paragraph 50, Defendants admit the allegations therein.

51.    Answering Paragraph 51, Defendants admit that D.A.S.H. sent Buyout Notices to the Investment Partners on or about December 15, 2017.  Defendants deny that D.A.S.H. effectively exercised the Buyout Option prior to the end of the Kenmore Family Option Period.

**3.    Mountain View Family and Mountain View**

52.    Answering Paragraph 52, Defendants admit the allegations therein.

53.    Answering Paragraph 53, Defendants admit the allegations therein as to Midland XIV, not Midland VII.

54.    Answering Paragraph 54, Defendants admit the allegations therein as to Midland XIV, not Midland VII.

ANSWER - 6

PEPPLE CANTU SCHMIDT, PLLC
1501 WESTERN AVENUE, SUITE 600
SEATTLE, WASHINGTON  98101
(206) 625-1711  -  FACSIMILE (206) 625-1627

55.     Answering Paragraph 55, Defendants admit that the tax credits and potential tax losses were material motivating factors for Midland XIV (not Midland VII) and Midland Special Limited Partner, Inc.'s investment in Mountain View Family.  Defendants, however, deny any implication that because of this, other aspects of the parties' Agreement are not material and/or enforceable.

56.     Answering Paragraph 56, Defendants deny the allegations therein and further deny any implication that because of the tax credits and potential tax losses, other aspects of the parties' Agreement are not material and/or enforceable.

57.     Answering Paragraph 57, Defendants deny the allegations therein and further deny any implication that the receipt of tax benefits renders other aspects of the parties' Agreement immaterial and/or unenforceable.

58.     Answering Paragraph 58, Defendants admit the allegations therein.

59.     Answering Paragraph 59, Defendants admit that Section 8.20 of the Mountain View Family Partnership Agreement provides D.A.S.H. with a Buyout Option to purchase Midland XIV (not Midland VII) and Midland Special Limited Partner, Inc.'s interests in Mountain View Family provided D.A.S.H. met certain conditions required by the Partnership Agreement.

60.     Answering Paragraph 60, Defendants admit that pursuant to Section 8.20(b) of the Mountain View Family Partnership Agreement, D.A.S.H. could exercise the Buyout Option after expiration of the Compliance Period and for a period of one year thereafter (the "Mountain View Family Option Period") provided D.A.S.H. met certain conditions required by the Partnership Agreement.

61.     Answering Paragraph 61, Defendants admit the allegations therein.

62.     Answering Paragraph 62, Defendants admit that D.A.S.H. sent Buyout Notices to the Investment Partners on or about December 15, 2017.  Defendants deny that D.A.S.H. effectively exercised the Buyout Option prior to the end of the Mountain View

PEPPLE CANTU SCHMIDT, PLLC
1501 WESTERN AVENUE, SUITE 600
SEATTLE, WASHINGTON  98101
(206) 625-1711  -  FACSIMILE (206) 625-1627

1  Family Option Period.

2  **C.     D.A.S.H.'s Buyout Options and Buyout Notices**

3          63.     Answering Paragraph 63, Defendants admit the allegations therein.

4          64.     Answering Paragraph 64, Defendants admit the allegations therein.

5          65.     Answering Paragraph 65, Defendants admit the allegations therein.

6          66.     Answering Paragraph 66, Defendants admit the allegations therein.

7          67.     Answering Paragraph 67, Defendants admit the allegations therein.

8          68.     Answering Paragraph 68, Defendants admit the allegations therein.

9          69.     Answering Paragraph 69, Defendants admit the allegations therein.

10         70.     Answering Paragraph 70, Defendants admit the allegations therein.

11         71.     Answering Paragraph 71, Defendants admit the allegations therein.

12         72.     Answering Paragraph 72, Defendants lack sufficient information to admit or

13  deny the allegations therein and therefore deny the same.

14         73.     Answering Paragraph 73, Defendants admit that the appraisals provided a

15  number of alternative valuations of the fair market value of the Investment Partnerships'

16  interests, including but not limited to those listed in Paragraph 73.  Defendants deny that the

17  values listed represent the fair market value of the Investment Partnerships' interests.

18         74.     Answering Paragraph 74, Defendants admit that D.A.S.H. sent to the

19  Investment Partnership Buyout Notices and advised the Investment Partnership of its

20  intention to close on the acquisition of the interests on March 9, 2018.  Defendants deny,

21  however, that D.A.S.H. effectively exercised its Buyout Options in compliance with the

22  terms and conditions of the Partnership Agreements.

23         75.     Answering Paragraph 75, Defendants admit the allegations therein.

24         76.     Answering Paragraph 76, Defendants admit the allegations therein.

25         77.     Answering Paragraph 77, Defendants admit the allegations therein.

26

ANSWER - 8

PEPPLE CANTU SCHMIDT, PLLC
1501 WESTERN AVENUE, SUITE 600
SEATTLE, WASHINGTON  98101
(206) 625-1711  -  FACSIMILE (206) 625-1627

**D.      The Investment Partnerships' Breaches and Anticipatory Breaches of the Partnership Agreements**

78.      Answering Paragraph 78, Defendants admit that Section 8.20(d) of the Partnership Agreements reads: "If a Buyout Notice includes appraisals or calculations which, in the reasonable opinion of the Investment Partnership, contain material errors, the notice shall not constitute an effective Buyout Notice.  Absent an effective Buyout Notice, the Option may not be exercised.  In the event Investment Partnership concludes that a notice fails to constitute an effective Buyout Notice, the Investment Partnership shall promptly so notify the General Partner and the General Partner may submit new or amended Buyout Notices at any time during the Option Period."  Defendants deny the interpretation of Section 8.20(d) stated in Paragraph 78.

79.      Answering Paragraph 79, Defendants admit that D.A.S.H. requested "prompt consultation" with the Investment Partnership but lacks sufficient information as to D.A.S.H.'s intentions with regard to this request to admit or deny the allegation and therefore deny the same.  Except as specifically admitted, Defendants deny the remaining allegations in Paragraph 79.

80.      Answering Paragraph 80, Defendants admit that within three business days of receiving the Buyout Notices, the Investment Partnership communicated to D.A.S.H. that it disagreed with the proposed valuations of the Investment Partnership's interests.  Defendants deny the implications in Paragraph 80 that the Partnership Agreements required Defendants to further "specify or identify any material errors," and that Defendants were required to "provide D.A.S.H with any opportunity to cure any alleged material errors during the Option Period."  Defendants admit that they will not sell the Investment Partnership interests for the amount proposed in the Buyout Notices, but deny such refusal is in violation of the Partnership Agreements.  Except as specifically admitted, Defendants deny the allegations in Paragraph 80.

ANSWER - 9

PEPPLE CANTU SCHMIDT, PLLC
1501 WESTERN AVENUE, SUITE 600
SEATTLE, WASHINGTON  98101
(206) 625-1711  -  FACSIMILE (206) 625-1627

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

81.     Answering Paragraph 81, Defendants admit that on December 18, 2017, three business days after receiving the Buyout Notices, Defendants informed D.A.S.H. that they "do not agree with the valuation of the Investment Partnership's interest."  Defendants also admit that they told D.A.S.H. they would respond further within the first three weeks of January after they had time to review the materials "in depth."  Defendants deny any implication that this failure to provide more information within the first three weeks of January was in any way a breach of the Partnership Agreements, or in any way altered the parties' rights and obligations under the Agreements.

82.     Answering Paragraph 82, Defendants deny the allegations therein.

83.     Answering Paragraph 83, Defendants admit that they will not transfer all three interests for $9,000 as proposed by D.A.S.H. because the valuations of the interests contain material errors.  Defendants deny the remaining allegations in Paragraph 83.

### III. COUNT I – BREACH OF CONTRACT

84.     Answering Paragraph 84, Defendants incorporate the answers above by reference as if fully stated herein.

85.     Answering Paragraph 85, Defendants admit the allegations therein.

86.     Answering Paragraph 86, Defendants admit the allegations therein.

87.     Answering Paragraph 87, Defendants admit that D.A.S.H. sent Buyout Notices to the Investment Partners on December 15, 2017.  Defendants, however, deny that the Buyout Notices were effective and/or created a contract for sale.  Except as specifically admitted, Defendants deny the allegations in Paragraph 87.

88.     Answering Paragraph 88, Defendants deny the allegations therein.

89.     Answering Paragraph 89, Defendants deny the allegations therein.

90.     Answering Paragraph 90, Defendants deny the allegations therein.

### IV. COUNT II – ANTICIPATORY BREACH OF CONTRACT

91.     Answering Paragraph 91, Defendants incorporate the answers above by

PEPPLE CANTU SCHMIDT, PLLC
1501 WESTERN AVENUE, SUITE 600
SEATTLE, WASHINGTON  98101
(206) 625-1711  -  FACSIMILE (206) 625-1627

reference as if fully stated herein.

92.     Answering Paragraph 92, Defendants admit the allegations therein.

93.     Answering Paragraph 93, Defendants admit the allegations therein.

94.     Answering Paragraph 94, Defendants admit that D.A.S.H. sent Buyout Notices to the Investment Partners on December 15, 2017.  Defendants, however, deny that the Buyout Notices were effective and/or created a contract for sale.  Except as specifically admitted, Defendants deny the allegations in Paragraph 94.

95.     Answering Paragraph 95, Defendants deny the allegations therein.

96.     Answering Paragraph 96, Defendants deny the allegations therein.

97.     Answering Paragraph 97, Defendants deny the allegations therein.

## V. COUNT III – EQUITABLE CLAIMS

98.     Answering Paragraph 98, Defendants incorporate the answers above by reference as if fully stated herein.

99.     Answering Paragraph 99, Defendants deny the allegations therein.

100.    Answering Paragraph 100, Defendants deny the allegations therein.

101.    Answering Paragraph 101, Defendants deny the allegations therein.

102.    Answering Paragraph 102, Defendants deny the allegations therein.

## VI. COUNT IV – DECLARATORY JUDGMENT

103.    Answering Paragraph 103, Defendants incorporate the answers above by reference as if fully stated herein.

104.    Answering Paragraph 104, Defendants deny the allegations therein.

105.    Answering Paragraph 105, Defendants admit the allegations therein.

106.    Answering Paragraph 106, Defendants admit the allegations therein.

107.    Answering Paragraph 107, Defendants admit that D.A.S.H. sent Buyout Notices to the Investment Partners on December 15, 2017.  Defendants, however, deny that the Buyout Notices were effective and/or created a contract for sale.  Except as specifically

ANSWER - 11

PEPPLE CANTU SCHMIDT, PLLC
1501 WESTERN AVENUE, SUITE 600
SEATTLE, WASHINGTON  98101
(206) 625-1711  -  FACSIMILE (206) 625-1627

admitted, Defendants deny the allegations in Paragraph 107.

108.    Answering Paragraph 108, Defendants deny that there are not material errors in the appraisals or calculations contained within the Buyout Notices.  Defendants admit the remaining allegations in Paragraph 108.

109.    Answering Paragraph 109, Defendants deny the allegations therein.

**AFFIRMATIVE DEFENSES**

1.    Plaintiff's Complaint fails to state a claim upon which relief may be granted.

2.    Plaintiff acted in bad faith and with unclean hands.

3.    Plaintiff's claim is barred by doctrine of waiver and/or laches and/or estoppel.

4.    Plaintiff is not entitled to declaratory relief.

5.    Plaintiff failed to satisfy all conditions precedent.

FURTHER ANSWERING PLAINTIFF'S COMPLAINT, Defendants hereby specifically reserve the right to amend their Answer by way of adding additional affirmative defenses and counterclaims, as additional facts are obtained through future investigation and discovery.

WHEREFORE, having fully answered Plaintiff's Complaint, Defendants pray that Plaintiff's Complaint be dismissed with prejudice, and that Defendants be awarded costs and disbursements incurred herein, their attorneys' fees pursuant to federal statutes, rules, procedures and case law, plus any and all further relief that the Court may deem just and equitable.

ANSWER - 12

PEPPLE CANTU SCHMIDT, PLLC
1501 WESTERN AVENUE, SUITE 600
SEATTLE, WASHINGTON  98101
(206) 625-1711  -  FACSIMILE (206) 625-1627

1

DATED this 15th day of March, 2018.

2

3                                              PEPPLE CANTU SCHMIDT, PLLC

4

5                                                _/s/ Jackson Schmidt, WSBA 16848_

6                                                _/s/ Gretchen J. Hoog, WSBA 43248_
                                                 Jackson Schmidt, WSBA 16848
7                                                Gretchen J. Hoog, WSBA 43248
                                                 *Attorneys for Defendants*
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

ANSWER - 13

**CERTIFICATE OF SERVICE**

I, Dawn Anderson, declare that I am employed by the law firm of Pepple Cantu Schmidt PLLC, 1000 Second Avenue, Suite 2950, Seattle, King County, Washington; that I am over 18 years of age and not a party to this action.

I hereby certify that on this date I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system.   In accordance with their ECF registration agreement and the Court's rules, the Clerk of the Court will send e-mail notification of such filing to the following attorneys:

| | |
|---|---|
| Michael T. Callan, WSBA 16237 | David A. Davenport |
| PETERSON RUSSELL KELLY PLLC | Quin C. Seiler |
| 10900 NE Fourth Street, Suite 1850 | WINTHROP & WEINSTINE, PA |
| Bellevue, WA  98004-8341 | 225 South Sixth Street, Suite 3500 |
| 425.462.4700 | Minneapolis, MN  55402 |
| mcallan@prklaw.com | 612.604.6716 |
| *Attorneys for Plaintiff* | ddavenport@winthrop.com |
| | qseiler@winthrop.com |
| | *Attorneys for Plaintiff* |

Dated this 15th day of March, 2018.

 */s/ Dawn Anderson*
Dawn Anderson

ANSWER - 14

PEPPLE CANTU SCHMIDT, PLLC
1501 WESTERN AVENUE, SUITE 600
SEATTLE, WASHINGTON  98101
(206) 625-1711  -  FACSIMILE (206) 625-1627