THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DOWNTOWN ACTION TO SAVE HOUSING, | CASE NO. C18-0138-JCC |
| Plaintiff, | MINUTE ORDER |
| v. | |
| MIDLAND CORPORATE TAX CREDIT XIV, *et al.*, | |
| Defendants. | |

The following Minute Order is made by direction of the Court, the Honorable John C. Coughenour, United States District Judge:

This matter comes before the Court on Defendants' diversity disclosure (Dkt. No. 42). The disclosure is not sufficient to satisfy the Court that it has jurisdiction over this case. For example, Defendant Midland Corporate Tax Credit XVI, LP, lists as a general partner MEC Newco, LLC, but does not provide any information about the members of Newco, LLC. (See Dkt. No. 42 at 2.) As another example, Defendant Midland Corporate Tax Credit XIV, LP lists as a limited partner Birch Institutional Tax Credits III, LLC, but does not provide any information about the members of that LLC. (*Id.*)

A partnership, limited partnership ("LP"), limited liability partnership ("LLP"), and limited liability company ("LLC") are all citizens of every state of which its partners or members

are citizens. *See Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). If a partner or member is itself a partnership, LP, LLP, or LLC, that analysis should be reapplied. *See id.* In other words, if the partners of a defendant partnership are themselves partnerships, LPs, or LLPs, the partners of *those* partners must also be alleged. Likewise, if the partners of a defendant partnership are themselves LLCs, the members of those LLCs must also be alleged. Defendants must disclose the members or partners of all partnerships, LPs, LLPs, and LLCs until each Defendant partnership can be traced to a group of individuals and entities that are not partnerships, LPs, LLPs, or LLCs. Once Defendants have done so, Defendants must disclose the citizenship of those individuals and entities. *See Lindley Contours, LLC v. AABB Fitness Holdings, Inc.*, 414 Fed. App'x. 62, 65 (9th Cir. 2011) (remanding case to district court for lack of subject matter jurisdiction based on defendants' failure to "identify of what state they are a citizen ... [and] whether they are composed of another layer of partnerships.")

For purposes of diversity jurisdiction, a corporation is a citizen of its state of incorporation and its principal place of business, so Defendants must allege both. *See* 28 U.S.C. § 1332(c)(1). Additionally, a national bank is a citizen of the state in which its main office, as set forth in its articles of association, is located. *See Wachovia Bank v. Schmidt*, 546 U.S. 303, 306–07 (2006).

In accordance with the aforementioned instructions, Defendants are ORDERED to trace their memberships to entities that are not partnerships, LPs, LLPs, or LLCs, and are ORDERED to file an additional disclosure (1) outlining that tracing and (2) disclosing the identifiable citizenship of each Defendant. Defendants shall file this additional disclosure by February 6, 2019. The Clerk is DIRECTED to re-note Plaintiff's motion for summary judgment (Dkt. No. 24) and Defendants' cross motion for summary judgment (Dkt. No. 22) to February 6, 2019.

//
//
//

1     DATED this 23rd day of January 2019.

                                    William M. McCool
                                    Clerk of Court

                                  s/Tomas Hernandez
                                  Deputy Clerk

MINUTE ORDER
C18-0138-JCC
PAGE - 3