UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DOWNTOWN ACTION TO SAVE HOUSING, | CASE NO. C18-0138-JCC |
| Plaintiff, | ORDER |
| v. | |
| MIDLAND CORPORATE TAX CREDIT XIV, LP, *et al.*, | |
| Defendants. | |

This matter comes before the Court on Defendants' motion to exclude evidence or in the alternative to reopen discovery (Dkt. No. 49) and Plaintiff's motion to seal (Dkt. No. 53). Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby GRANTS in part and DENIES in part Defendants' motion (Dkt. No. 49) and GRANTS Plaintiff's motion (Dkt. No. 53) for the reasons explained herein.

**I. BACKGROUND**

The Court set forth the facts of this case in a prior order and will not do so again. (*See* Dkt. No. 46.) The discovery cutoff date was November 4, 2018 and a jury trial was initially scheduled for March 4, 2019. (Dkt. No. 20.) On January 24, 2019, the Court vacated the trial date. (Dkt. No. 44.) On February 26, 2019, the Court granted summary judgment in favor of Plaintiff, ruling that Defendants had breached the buyout option provision of the relevant

partnership agreements and would be required to transfer their interests in the properties at issue to Plaintiff. (*See id.* at 10–12.) The Court explicitly reserved the issue of damages for trial, which the Court rescheduled to July 29, 2019 pursuant to the parties' agreement. (*Id.* at 7; Dkt. Nos. 47, 48.)

On April 3, 2019, Plaintiff supplemented its initial disclosures to include new information about the damages it would seek at trial. (*See* Dkt. No. 50 at 23–34.) Plaintiff asserted that it would incur lost operating revenue in the amount of $341,984 because it would be unable to meet the May 6, 2019 deadline for re-syndicating the properties. (*Id.* at 33–34.)[1] In its prior supplemental initial disclosures served on November 7, 2018, Plaintiff identified damages related to its past efforts to re-syndicate the properties, but did not list lost operating revenues as a category of damages. (*Id.* at 17–19.)

Defendants assert that Plaintiff's claim for lost operating revenues related to the 2019 re-syndication should be excluded as a late disclosure. (Dkt. No. 49 at 2–3.) Alternatively, Defendants ask the Court to re-open discovery "for the limited purpose of conducting discovery relating to lost operating revenues." (*Id.* at 2.) Plaintiff asserts that it timely supplemented its initial disclosures, and that the Court should not impose a sanction for its conduct. (Dkt. No. 54 at 10.) Plaintiff also moves to seal three documents it included with its response. (Dkt. No. 53.)

**II.    DISCUSSION**

Under Federal Rule of Civil Procedure 26(a), a party's initial disclosures must include "a computation of each category of damages claimed by the disclosing party." Fed. R. Civ. P. 26(a)(1)(iii). A party also has a continuing duty to supplement its initial disclosures "[i]n a timely manner if the party learns that in some material respect the disclosure . . . is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to

---

[1] Re-syndication describes a process whereby eligible low-income housing projects such as those operated by Plaintiff, can renew their tax credit allocation after the end of the initial compliance period. (Dkt. No. 56 at 8–22.)

the other parties during the discovery process or in writing." Fed. R. Civ. P. 26(e)(1)(A). A party that fails to disclose information pursuant to Rule 26(a) "is not allowed to use that information . . . to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1).

While the Court finds that Plaintiff failed to supplement its damages calculations in a timely manner, its failure was substantially justified under the circumstances. Plaintiff waited until April 3, 2019 to supplement its initial disclosures and provide Defendants with new information regarding its anticipated lost operating revenue related to the 2019 re-syndication. (Dkt. No. 50 at 23–34.) Plaintiff's disclosure came long after the close of discovery—November 4, 2018—and more than a month after the Court's order on summary judgment—February 22, 2019. (Dkt. Nos. 20, 46.) Defendant is correct that the information regarding lost operating revenue was a new category of damages not previously disclosed in Plaintiff's supplemental initial disclosures. (*Compare* Dkt. No. 50 at 17–19, *with id.* at 28–29.)

Although untimely, Plaintiff had a reasonable basis to initially believe it would not incur the newly alleged damages related to its 2019 re-syndication efforts. Plaintiff could not have predicted needing to disclose this information by the discovery cutoff because trial was originally scheduled for March 4, 2019. (*See* Dkt. No. 20.) In other words, Plaintiff reasonably believed that this matter would be resolved well before the May 2019 deadline for filing its re-syndication application. Although the Court struck the trial date on January 24, 2019, it did not set the new trial date until March 19, 2019. (Dkt. No. 48.)

During this period, Plaintiff still had a basis to believe that it could file its 2019 re-syndication application without incurring the damages it now seeks. After the Court issued its summary judgment order in late February, Plaintiff asked Defendants to transfer their interests in the properties under the terms outlined in the Court's order so that Plaintiff could file its re-syndication application. (Dkt. No. 56 at 4.) Defendants declined to do so. (*Id.* at 104–07.) Had Defendants transferred their interests, Plaintiff would have been able to pursue re-syndication

and would not be seeking this new category of damages. Under the circumstances, Plaintiff's delay in supplementing its disclosures was substantially justified. *See* Fed. R. Civ. P. 37(c)(1).

The appropriate remedy under these circumstances is not to exclude Plaintiff from pursuing its lost operating revenue damages, but to allow Defendant additional time to conduct discovery so they are not prejudiced at trial. This remedy is particularly appropriate because there is sufficient time before the trial to conduct such limited discovery.

## III. CONCLUSION

In accordance with the Court's order:

1. Defendants' motion to preclude evidence or in the alternative re-open discovery (Dkt. No. 49) is DENIED in part and GRANTED in part. Defendants' request to preclude is DENIED and Defendants' request to re-open discovery is GRANTED. Defendants shall be allowed to seek discovery related to Plaintiff's "[l]ost operating revenue due to lost 2019 LIHTC re-syndication application opportunity," as listed in its second supplemental disclosures filed on April 3, 2019. Defendants may conduct a Federal Rule of Civil Procedure 30(b)(6) deposition regarding this topic, but must do so no later than June 21, 2019. Defendants may supplement their expert disclosures regarding this issue, but must do so no later than June 28, 2019. If Defendant supplements its expert disclosures, Plaintiff may make a rebuttal expert disclosure no later than July 5, 2019. All discovery shall be completed no later than July 17, 2019. The parties shall bear their own costs related to any additional discovery.

2. Plaintiff's unopposed motion to seal (Dkt. No. 53) is GRANTED. Plaintiff has demonstrated good cause to maintain the requested documents under seal that outweighs the public's general interest in access to the Court's records. *See Kamakana v. City and Cty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006). The documents at issue contain Plaintiff's non-public financial information, the disclosure of which could cause Plaintiff irreparable harm. Therefore, the Clerk is DIRECTED to maintain Document Numbers 50-2, 51-1, 57, 58, and 59 under seal until further order of the Court.

DATED this 17th day of May 2019.

John C. Coughenour
UNITED STATES DISTRICT JUDGE